Westlaw.

Slip Copy                                                                                             Page 1
Slip Copy, 2008 WL 2625633 (D.Virgin Islands)

**H**
Only the Westlaw citation is currently available.FOR PUBLICATION
District Court of the Virgin Islands, Division of St. Thomas and St. John, Appellate Division.
UNITED STATES of America and the People of the Virgin Islands, Plaintiffs,
v.
Ronald LEWIS, Jr. and Malik Ostalaza, Defend- ants.
**Criminal No. 2008-21.**

July 3, 2008.

Ishmael Meyers, Jr., AUSA St. Thomas, U.S.V.I., for the plaintiffs.
George H. Hodge, Jr., Esq., St. Thomas, U.S.V.I., for defendant Ronald Lewis, Jr.
Jesse A. Gessin, AFPD, St. Thomas, U.S.V.I., for defendant Malik Ostalaza.

## ORDER

GÓMEZ, C.J.
\*1 Before the Court is the motion of defendant Malik Ostalaza ("Ostalaza") to dismiss the indictment.

Ostalaza and his co-defendant, Ronald Lewis, Jr., were charged in May, 2008 in a five-count indictment. Count One charges Ostalaza with possession of a firearm with an obliterated serial number, in violation of Title 18, Section 922(k) of the United States Code ("Section 922"). Counts Four and Five charge Ostalaza with unauthorized possession of a firearm, in violation of Title 14, Section 2253(a) of the Virgin Islands Code. Ostalaza is not charged in Counts Two and Three.

Ostalaza now argues that Counts One, Four and Five should be dismissed because they violate the Second Amendment of the Constitution. In his motion, Ostalaza neglects to substantiate that argument with citations to any authority. Instead, Ostalaza points to *District of Columbia v. Heller*, No. 07-290, 2008 U.S. LEXIS 5268, 2008 WL 2520816 (June 26, 2008), a case that was pending before the Supreme Court at the time his motion was filed. Ostalaza states only that he "reserves the right to challenge" the indictment on Second Amendment grounds. (Def. Ostalaza's Mot. to Dismiss 2.)

In *United States v. Rybar*, 103 F.3d 273, 286 (3d Cir.1996), cert. denied, 522 U.S. 807, 118 S.Ct. 46, 139 L.Ed.2d 13 (1997), the Court of Appeals for the Third Circuit explained that "the Second Amendment furnishes no absolute right to firearms."Relying on its decision in *Rybar*, in *United States v. Willaman*, 437 F.3d 354, 356-57 (3d Cir.2006), cert. denied, 547 U.S. 1208, 126 S.Ct. 2902, 165 L.Ed.2d 919 (2006), the Third Circuit rejected the defendant's contention that Section 922 violates the Second Amendment. In reference to the defendant's argument that *Rybar* "is simply bad law," the *Willaman* Court stated that "plainly [*Rybar*] is binding on this panel." *Id.* at 357.

Like the defendant in *Willaman*, Ostalaza does no more than argue that *Rybar* and *Willaman* "are wrongly decided." (Def. Ostalaza's Mot. to Dismiss 2.) Like the *Willaman* Court, this Court is bound by those decisions. [FN1]

> FN1. Moreover, while the Supreme Court acknowledged in *Heller* the right of the individual to possess a firearm unconnected with service in a militia, the Court also held that that right is not unfettered. *See* 2008 U.S. LEXIS 5268, at \*95 n. 26, 2008 WL 2520816 (identifying "presumptively lawful regulatory measures" and noting that the Court's list of those measures "does not purport to be exhaustive").

The premises considered, it is hereby

**ORDERED** that the motion to dismiss is **DENIED.**

D.Virgin Islands,2008.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 2625633 (D.Virgin Islands)

Page 2

U.S. v. Lewis
Slip Copy, 2008 WL 2625633 (D.Virgin Islands)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.