IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-24 Erie |
| ) | |
| MICHAEL P. MARZZARELLA ) | (18 U.S.C. §922(k)) |

**GOVERNMENT'S SUR-REPLY TO DEFENDANT'S REPLY**

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christine A. Sanner, Assistant United States Attorney for said district, and states:

In his 22-page reply, the defendant engages in a lengthy discussion of strict scrutiny, arguing how and why such a standard might be applied in the instant case. Notably, he cites no case that actually applies strict scrutiny in any decision following the Supreme Court's decision in District of Columbia v. Heller, 128 S.Ct. 2783 (2008). This is because Heller itself did not apply such a standard, id. at 2821, and courts addressing the issue post-Heller have likewise rejected the application of strict scrutiny. See, e.g., United States v. Bledsoe, 2008 WL 3538717, *3 (W.D. Tex., Aug. 8, 2008) (finding application of strict scrutiny to be both "unwarranted" and "inappropriate").

Moreover, the two cases that actually address section 922(k) post-Heller have concluded that, under any standard of review, the statute passes constitutional muster. United States v.

Lewis, 2008 WL 2625633 (D. Virgin Islands, July 3, 2008) (pursuant to Heller, there is no Second Amendment right to possess a firearm with an obliterated serial number); United States v. Zaleski, 2008 WL 4234419, *n.2 (D. Conn., June 30, 2008) (analyzing Heller in concluding that statute prohibiting possession of firearm with obliterated serial number passes "any level" of scrutiny).

Indeed, it should almost go without saying that any conceivable burden that is arguably imposed by a statute that prohibits a firearms owner from removing or obliterating the serial number off of his firearm, or from transferring or possessing such a firearm, is, at the very most, exceedingly minimal. Such a burden in no way impacts one who, such as the defendant in Heller, merely sought to keep and bear a functional firearm in his home for the purpose of self-defense. See Heller, 128 S. Ct. at 2822.

It is important to remember that in Heller, the Court merely held that there is an individual right to keep and bear functional firearms in the home for the purpose of self-defense. Heller, 128 S. Ct. at 2822. This decision should not be read too broadly: the Heller Court did not state or hold that everyone can have any firearm at home that they want, and that such possession, or whatever manner of arms is possessed, in whatever fashion, is always beyond the reach of the law in any circumstance. See id. at 2816. Indeed, the Court presumed that the registration provisions before it would remain in force. Id. at 2819, 2822.

This legal distinction is important: Heller resolved the narrow issue before it by holding that a D.C. statute was unconstitutional in its application to a defendant who merely sought to keep and bear a functional handgun within his own home for the purpose of self-defense. The Court created no further rights and adjudged no further restrictions on the government. In fact, the Court explicitly held that the Second Amendment right is "not unlimited," and listed, by way of example, a number of firearm prohibitions that its opinion should not be read as casting into doubt. Id. at 2816-2817.

The defendant also purports to attack section 922(k) as either overbroad or underinclusive. However, "outside the limited First Amendment context, a criminal statute may not be attacked as overbroad." Schall v. Martin, 467 U.S. 253, 268 n.18 (1984) ("More fundamentally, this sort of attack on a criminal statute must be made on a case-by-case basis. The Court will not sift through the entire class to determine whether the statute was constitutionally applied in each case.") (citation omitted). The instant case does not involve First Amendment rights, of course.

The defendant's argument that section 922(k) is "underinclusive" likewise fails. His argument on this front is more properly described as several suggestions by which he believes firearms tracing might be made more effective. See Defendant's Reply at 17 (suggesting that records of all firearms transfers might be kept permanently by ATF). Such suggestions do not, in

fact, make out an argument that section 922(k) is "underinclusive." By its plain terms, the statute evenhandedly prohibits "any person" from knowingly transporting, shipping, receiving, or possessing a firearm from which the serial number has been removed, altered or obliterated.  18 U.S.C. § 922(k).

Finally, it is undisputed that the ability to trace a serial number is an important investigative tool in solving crime. That the defendant has suggested ways in which firearms tracing might be made still more effective is beside the point.  Moreover, as previously set forth in the Government's Response to the Defendant's Motion to Dismiss the Indictment, in addition to aiding investigators in solving crime, section 922(k) also discourages the use of untraceable weaponry and assists law enforcement authorities in combating the increasing prevalence of crime. See United States v. Carter, 421 F.3d 909 (9th Cir. 2005).  Therefore, even should this Court apply strict scrutiny, it must find that reducing violence and crime and protecting public safety are compelling governmental interests.

In sum: the prohibition against any person from knowingly possessing or transferring a firearm from which he knows that the manufacturer's serial number has been removed, altered or obliterated is a narrow limit to a citizen's lawful possession of a handgun in his home for the purpose of self-defense.

WHEREFORE, for all of the above-stated reasons, as well as those previously set forth in the government's response to the defendant's motion to dismiss, the government respectfully requests that the Court enter an Order denying the defendant's Motion to Dismiss the Indictment.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

s/Christine A. Sanner
CHRISTINE A. SANNER
Assistant U.S. Attorney
PA ID No. 85039